IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD M. MAGGIORE, | Civil No. 3:23-cv-1307 |
| Petitioner | (Judge Mariani) |
| v. | |
| D. CHRISTENSEN, WARDEN, | |
| Respondent | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Edward Maggiore ("Maggiore"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"). Maggiore contends that his constitutional rights were violated during a prison disciplinary proceeding conducted while he was incarcerated at the United States Penitentiary at Thompson. The Court will dismiss the petition for lack of jurisdiction because the disciplinary sanction did not result in the loss of good conduct time.

**I.    Background**

On May 31, 2022, Maggiore received incident report number 3635146 for attempting to bribe a staff member, in violation of prohibited act code 216. (Doc. 1-2, pp. 1-2). At a June 29, 2022 hearing, the Disciplinary Hearing Officer ("DHO") found Maggiore guilty of prohibited act code 216. (*Id.* at pp. 3-5). The DHO sanctioned Maggiore with disciplinary segregation for thirty days, loss of commissary privileges for sixty days, and loss of phone

privileges for sixty days. (*Id.* at p. 4). The DHO did not impose the sanction of loss of good time.

Maggiore seeks habeas corpus relief that would order the BOP to expunge the incident report that gave rise to the disciplinary sanction. (Doc. 1, p. 7).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss the petition if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254, Rule 1.

## III. Discussion

Dismissal of this case under Rule 4 is appropriate because the prison disciplinary sanction did not result in the loss of good conduct time. Maggiore alleges that his due process rights were violated during the disciplinary proceeding associated with incident report number 3635146. The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. A federal inmate's procedural due process challenge to a disciplinary proceeding that results in the loss of good conduct time is properly brought under 28 U.S.C. § 2241, because the loss of good conduct time impacts the duration of the inmate's confinement. *See Preiser v. Rodriguez*,

2

411 U.S. 475, 500 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).

Maggiore's due process challenge is not cognizable in a habeas petition. The finding of guilt rendered in incident report number 3635146 did not result in the sanction of loss of good conduct time. And the disciplinary sanctions he received, disciplinary segregation and loss of privileges, do not implicate liberty interests that are protected by the Due Process Clause. Because Maggiore did not suffer the loss of good conduct time, the outcome of his habeas corpus petition does not affect the length or duration of his confinement. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time); *Wert v. Warden Allenwood USP*, 781 F. App'x 51, 54 (3d Cir. 2019) (prison disciplinary sanctions that do not result in the loss of good conduct time may not be challenged through habeas corpus petitions); *see also Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (holding that petitioner could not challenge his placement in prison's special management unit through a habeas corpus petition because the placement did not result in the loss of good conduct time and "[e]ven if Cardona's placement in the SMU makes him eligible to lose good time credits, he might not end up losing any"). Consequently, the habeas petition will be dismissed.

## IV.     Conclusion

The Court will dismiss the petition (Doc. 1) for writ of habeas corpus for lack of jurisdiction. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 23, 2023